1
2
3
4
5
6          UNITED STATES DISTRICT COURT

7               DISTRICT OF NEVADA

8
                        * * *
9
   STEVEN BRAUNSTEIN,                    Case No. 2:16-cv-2556-APG-NJK
10
                        Plaintiff,
11                                       ORDER
        v.
12
   BRIAN WILLIAMS, et al.,
13
                        Defendants.
14

15          This is a habeas corpus proceeding under 28 U.S.C. § 2254.  Pending before the court are

16   petitioner's motion for reconsideration (ECF No. 5) and a motion the petitioner has styled as a

17   "motion for leave to refile 28 USC 2241 on order of Ninth Circuit remand" (ECF No. 9).

18          Because the effective date of petitioner's appeal of this court's judgment pre-dates the

19   filing of his motion for reconsideration, this court has lost jurisdiction to rule upon a motion

20   seeking relief from that judgment.  *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004)

21   (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed

22   subsequent to notice of appeal).  Even so, a party may "ask the district court for an indication

23   that it is willing to entertain a Rule 60(b) motion.  If the district court gives such an indication,

24   then the party should make a motion in the Court of Appeals for a limited remand to allow the

25   district court to rule on the motion."  *Sierra Pacific Industries v. Lyng*, 866 F.2d 1099, 1113 n. 21

26   (9th Cir. 1989); *see also*, *Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

27          This practice has been adopted by the Federal Rules of Civil Procedure.  Rule 62.1(a)

28   states, "If a timely motion is made for relief that the court lacks authority to grant because of an

1 | appeal that has been docketed and is pending, the court may: (1) defer considering the motion;

2 | (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals

3 | remands for that purpose or that the motion raises a substantial issue." The third option is often

4 | referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).

5 | Under Rule 60(b), the court may relieve the moving party from a final judgment on

6 | several grounds, including the catch-all category "any other reason justifying relief from the

7 | operation of the judgment." Fed. R. Civ. P. 60(b)(6). Petitioner has not made a convincing case

8 | that he is entitled to relief under any of the grounds listed under (b)(1) through (b)(5).

9 | Relief under subsection (b)(6) requires a showing of "extraordinary circumstances."

10 | *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). "Such circumstances will rarely occur in the

11 | habeas context." *Id*. Here, petitioner does not identify any circumstances that would qualify as

12 | extraordinary. Simply put, even if this court had jurisdiction to rule upon petitioner's Rule 60(b)

13 | motion, it would deny it. The court also concludes that petitioner's motion does not raise a

14 | substantial issue for the purposes of Rule 62.1(a)(3).

15 | Likewise, this court must also deny petitioner's other motion (ECF No. 9), with which he

16 | asks this court to allow him to file an amended habeas petition. Petitioner appears to be laboring

17 | under the perception that this proceeding has been remanded to this court by the Ninth Circuit,

18 | which is not the case. *See* ECF Nos. 6/8. He also appears to be contending that limitations on

19 | second or successive petitions under 28 U.S.C. § 2254 do not apply to his proposed amended

20 | petition because he is bringing it under 28 U.S.C. § 2241. However, it is well established that a

21 | state habeas petitioner may not avoid the limitations imposed on successive petitions by styling

22 | his petition as one pursuant to § 2241 rather than § 2254. *See Greenawalt v. Stewart*, 105 F.3d

23 | 1287, 1287-88 (9th Cir.1997); *see also White v. Lambert*, 370 F.3d 1002, 1007 (9th Cir. 2004)

24 | (confirming that § 2254 is the exclusive avenue for a state court prisoner to challenge the

25 | constitutionality of his detention).

26 | IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (ECF No. 5)

27 | and "motion for leave to refile 28 USC 2241 on order of Ninth Circuit remand" (ECF No. 9) are

28 | both DENIED.

1    IT IS FURTHER ORDERED that petitioner is denied a certificate of appealability with

2  respect to this order.

3       DATED THIS 20th day of April, 2017.

4

5                                                    _____
                                                     UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28